FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ AUG 11 2015 ★ Rec'd 8/12/15 AM

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RUBEN FERNANDEZ,

                    Petitioner,

  -against-

M. SHEAHAN, SUPERINTENDENT,

                    Respondent.
------------------------------------------------------------X

**DECISION AND ORDER**
12-CV-2735 (WFK)

**WILLIAM F. KUNTZ, II, United States District Judge:**

Before the Court is a *pro se* petition for the writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 by Ruben Fernandez ("Petitioner"). On January 24, 2008, following a jury trial in the Supreme Court of Queens County, New York, Petitioner was convicted of one count of Robbery in the Second Degree, one count of Grand Larceny in the Fourth Degree, two counts of Unlawful Imprisonment in the First Degree, and one count of Endangering the Welfare of a Child. Petitioner seeks federal *habeas* relief on the following grounds: (1) the trial court denied Petitioner the right to a fair trial and to present a defense by refusing to admit expert testimony on factors affecting eyewitness identification; (2) Petitioner was denied his right to a fair trial by inappropriate comments by the prosecutor at trial; (3) Petitioner's statements to police should have been suppressed because he was not given *Miranda* warnings; (4) Petitioner was arrested without probable cause; and (5) Petitioner was denied his right to a fair trial because the prosecution presented false evidence to obtain Petitioner's conviction at trial. For the reasons stated below, Petitioner's *habeas* petition is hereby DENIED.

## BACKGROUND

**The Crimes and the Arrest**

At approximately 5:30 P.M. on August 28, 2005, Reena Francis and her infant son, Devin Varghese, were in the backseat of her family's Nissan Maxima outside a dry-cleaning business at the intersection of 204th Street and Hillside Avenue in Queens, New York. Dkt. 10-2 ("Trial Transcript III") at 5-7, 10.[1] Ms. Francis's husband, Godley Varghese, was in the dry-cleaning business to drop off clothes. *Id.* at 7-8. At trial, Ms. Francis identified Petitioner, described him

---

[1] All page numbers for transcripts of the state court pre-trial and trial proceedings refer to the pages of the PDF document filed on ECF, and not the numbering used by the court reporter.

1

as wearing a white hat and a thick white hooded sweatshirt despite the 85-degree heat, and testified that he opened Ms. Francis's car door on the driver's side and got in. *Id.* at 9-11. Ms. Francis then informed Petitioner the car did not belong to him, began pushing Petitioner in an attempt to make him leave the car, and reached over Petitioner to honk the horn. *Id.* at 11-12. Petitioner began to back out of the parking lot, and Ms. Francis ceased her efforts to push him and honk the horn. *Id.* at 13. Mr. Varghese, upon noticing his car moving, exited the dry-cleaning business and began to yell that his wife was in the car. *Id.* at 138. Hector Colon, who was driving his black BMW nearby, stopped next to Mr. Varghese. *Id.* at 138, 174, 176-178. Mr. Varghese told Mr. Colon that Mr. Varghese's wife and son were in a car that had just been stolen by someone. *Id.* at 139, 178. Mr. Colon instructed Mr. Varghese to get in the car, and together they drove off in pursuit of Petitioner. *Id.* at 139, 178.

According to Ms. Francis, Petitioner drove "erratically," "fast," ran a red light, and at one point drove onto the curb. *Id.* at 13-14. Petitioner told Ms. Francis he would let her out and would not hurt the baby. *Id.* at 14. Ms. Francis asked him when, and became more frightened as Petitioner kept driving without letting her out. *Id.* She opened the car door and held Devin in her arms to be ready to jump; however, the car door shut because of how fast Petitioner was driving. *Id.* Ms. Francis also opened the car window and screamed for help. *Id.* at 14-15. Shortly after Ms. Francis opened the car door, Petitioner took a left turn at the intersection of 191st Street and Hillside Avenue and crashed into a parked minivan. *Id.* at 15. Both airbags deployed. *Id.* Ms. Francis and Devin were uninjured, and she and Petitioner both left the car. *Id.* at 15-16. Petitioner began to run north, whereupon Mr. Colon's vehicle pulled over and stopped. *Id.* at 16-17. Mr. Colon, who was then unknown to Ms. Francis, exited his vehicle and began to fight with Petitioner, while Mr. Varghese also exited and went to his own crashed car.

2

*Id.* at 17, 146-147, Dkt. 10-3 ("Trial Transcript IV") at 1-3. Petitioner extricated himself from the fight and ran away. Trial Transcript III at 18, Trial Transcript IV at 8. According to Ms. Francis, at this point, Petitioner wore only a wife-beater or undershirt, and no longer had his white hat. Trial Transcript III at 20. On cross-examination, Ms. Francis was unable to explain what had happened to the thick white hooded sweatshirt, but stated she believed it had come off during the fight, which she did not fully observe and which she said was one-sided in favor of Mr. Colon. *Id.* at 45-48. Mr. Colon also stated that Petitioner removed his original upper garment at some point after exiting the vehicle, and was wearing only a "tank top" when Petitioner ran away. Trial Transcript IV at 10.

After Petitioner ran away, Ms. Francis spoke to ambulance personnel and police. Trial Transcript III at 20. Approximately ten minutes later, Ms. Francis was brought one block away from the crash site to "identify the suspect." *Id.* at 20-21. Petitioner was in handcuffs and surrounded by police, and Ms. Francis recognized him. *Id.* at 21. Ms. Francis estimated the time between Petitioner fleeing and her identification of Petitioner as less than ten minutes. *Id.* When Ms. Francis identified Petitioner, she was inside the police car, he was approximately 41 feet away from her, wearing a wife-beater, and the light conditions were bright and sunny. *Id.* at 21-22. Mr. Colon also identified the Petitioner when both men were inside different patrol cars. Trial Transcript IV at 11-13.

**State Court Proceedings**

    **A. Trial and Sentencing**

Petitioner was charged, by Queens County Indictment Number 2789/2006, with two counts of Kidnapping in the Second Degree, one count of Robbery in the Second Degree, one count of Grand Larceny in the Fourth Degree, two counts of Unlawful Imprisonment in the First

Degree, and one count of Endangering the Welfare of a Child. Dkt. 10 ("Trial Transcript I") at 83; Dkt. 8 ("Opposition") at 3.

On January 24, 2008, after a trial in the Supreme Court of Queens County before a jury and the Honorable Justice Richard L. Buchter, the jury found Petitioner not guilty of the two counts of Kidnapping in the Second Degree. Dkt. 10-5 ("Trial Transcript VI") at 130; Dkt. 10-6 ("Trial Transcript VII") at 7-8; Opposition at 3. The jury found Petitioner guilty of one count of Robbery in the Second Degree, one count of Grand Larceny in the Fourth Degree, two counts of Unlawful Imprisonment in the First Degree, and one count of Endangering the Welfare of a Child. Trial Transcript VII at 8-9; Opposition at 3.

On April 1, 2008, the trial court sentenced Petitioner to a determinate prison term of eight years for Robbery in the Second Degree, indeterminate prison terms of one to three years for each of the Grand Larceny in the Fourth Degree and Unlawful Imprisonment in the First Degree counts, and a determinate prison term of one year for Endangering the Welfare of a Child, all to be served concurrently. Dkt. 1 ("Petition") at 1; Opposition at 3.

### B. Direct Appeal and §440.10 Motion

Petitioner, represented by counsel, appealed his convictions before Second Department of the Appellate Division of the Supreme Court of New York State (the "Second Department") on the following grounds: (1) the trial court abused its discretion and deprived Petitioner of his due process rights to a fair trial and to present a defense by refusing to allow the defense to call an expert on eyewitness identification as a witness, even though the case relied solely on identification and there was "virtually no" corroborating evidence; and (2) the prosecutor's remarks and conduct deprived Petitioner of his due process right to a fair trial. Dkt. 11 ("Appellate Briefs") at 31-58; Opposition at 3-4. Petitioner also filed a separate *pro se*

supplemental appellate brief, in which he claimed the following additional grounds for reversal: (1) failure to provide Petitioner with *Miranda* warnings upon his arrest; (2) improper show-up identification procedures performed through tinted car windows; (3) police failure to file investigative reports; (4) fatally defective indictment because the alleged arresting officer did not testify to the Grand Jury; (5) Hector Colon falsely testified to avoid prosecution for his illegal car chase; (6) no probable cause to arrest Petitioner because of contradictory descriptions of the carjacker that did not identify any facial features; (7) inconsistent and inconclusive testimony regarding the behavior and location of Sergeant Arenella, who communicated Ms. Francis's identification of Petitioner to other officers via a thumbs-up; (8) elicitation of hearsay testimony from officer at suppression hearing; and (9) improper unsworn testimony, vouching for witness, and subornation of perjury by prosecutor at trial. Dkt. 11-1 ("Supplemental and 440.10 Briefs") at 9-15; Opposition at 4-5.

On November 3, 2010, the Second Department affirmed Petitioner's convictions. *People v. Fernandez*, 910 N.Y.S.2d 140 (2d Dep't 2010). The Second Department held the trial court properly exercised its discretion to exclude Petitioner's proposed expert witness on eyewitness identification. *Id.* at 141. The Second Department acknowledged that, where the case hinges on the accuracy of an eyewitness and there is no corroborating evidence, the fact-finder may benefit from an expert's specialized knowledge. *Id.* However, the Second Department noted that in the instant case, there was corroborating evidence for the eyewitness testimony. *Id.* Specifically, "[Petitioner] was found shortly after the crime, in the vicinity of the crime, exiting the backyard of a home which he did not live in or own. He fled from the police, demonstrating consciousness of guilt, was identified independently by the complainant and an eyewitness, and made incriminatory statements." *Id.* The Second Department further found the prosecutor's conduct

at trial either constituted harmless error, or else Petitioner's objections to such conduct were unpreserved for appellate review. *Id.* at 141-142. Additionally, the Second Department found Petitioner's motions to suppress identification evidence, Petitioner's statements to law enforcement officials, and physical evidence were properly denied. *Id.* at 142. Finally, the Second Department found that the remainder of Petitioner's contentions, set forth in Petitioner's *pro se* supplemental brief, were "unpreserved for appellate review or involve matter dehors the record." *Id.* Petitioner sought leave to appeal the Second Department's decision to the New York Court of Appeals, but was denied on March 28, 2011. *People v. Fernandez*, 16 N.Y.3d 830 (2011).

On February 2, 2010, Petitioner filed a *pro se* motion before the trial court to vacate his convictions pursuant to New York Criminal Procedure Law § 440.10 ("§ 440.10 Motion"). Supplemental and 440.10 Briefs at 21; Opposition at 7-8. The § 440.10 Motion reiterated the claims made in Petitioner's then-pending appeal, and added three additional arguments (1) Petitioner was improperly denied a competency hearing at trial, (2) the prosecution presented false evidence at trial, and (3) new evidence exonerated Petitioner. Supplemental and 440.10 Briefs at 23-32. On July 28, 2010, Justice Buchter denied the § 440.10 Motion. *Id.* at 105-109. Justice Buchter found Petitioner's claim that the prosecution presented false evidence at trial was conclusory and unsupported, in contravention of New York Criminal Procedure Law § 440.30(1). *Id.* at 107. Furthermore, Justice Buchter held that Petitioner's claim of being denied a competency hearing at trial (1) was procedurally barred under New York Criminal Procedure Law § 440.10(3)(b) because the matter could have been raised on the record, but was not, and (2) was only based on Petitioner's own allegations and therefore failed to comply with New York Criminal Procedure Law § 440.30(4)(d). *Id.* at 107-108. Finally, Justice Buchter found that all

of Petitioner's remaining claims—including Petitioner's claims of lack of probable cause, lack of *Miranda* warnings, improper identification procedures, police failure to file investigative reports, the conduct of Hector Colon, and the elicitation of hearsay testimony at the suppression hearing—concerned facts on the record and as such were subject to a mandatory procedural bar under New York Criminal Procedure Law § 440.10(2)(b). *Id.* at 106-107. Petitioner did not seek leave to appeal Justice Buchter's denial of the § 440.10 Motion, and Petitioner's time to do so has expired. N.Y. Crim. Proc. Law § 460.10(4)(a).

**The Instant *Habeas* Petition**

Petitioner now seeks *habeas* relief on the following grounds: (1) the trial court denied Petitioner the right to a fair trial and to present a defense by refusing to admit expert testimony on factors affecting eyewitness identification; (2) Petitioner was denied his right to a fair trial by inappropriate comments by the prosecutor at trial; (3) Petitioner's statements to police should have been suppressed because he was not given *Miranda* warnings; (4) Petitioner was arrested without probable cause; and (5) Petitioner was denied his right to a fair trial because the prosecution presented false evidence to obtain Petitioner's conviction at trial. Dkt. 1 ("Petition") at 6-15. The Court will consider each ground in turn.

## DISCUSSION

I.    *Habeas Corpus* **Standard of Review**

This Court's review of Petitioner's petition is governed by The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. The Court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). To obtain relief, an individual in

custody must demonstrate, *inter alia*, that he has: (1) exhausted his potential state remedies; (2) asserted his claims in his state appeals such that they are not procedurally barred from federal *habeas* review; and (3) satisfied the deferential standard of review set forth in AEDPA, if his appeals were decided on the merits. *See, e.g., Edwards v. Superintendent, Southport C.F.*, 991 F. Supp. 2d 348, 365-467 (E.D.N.Y. 2013) (Chen, J.); *Philbert v. Brown*, 11-CV-1805, 2012 WL 4849011, at *5 (E.D.N.Y. Oct. 11, 2012) (Garaufis, J.).

"[H]abeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. 86, 102-103 (2011) (internal quotation marks and citation omitted). As the statute instructs:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The question is "not whether the state court was incorrect or erroneous in rejecting petitioner's claim, but whether it was objectively unreasonable in doing so." *Ryan v. Miller*, 303 F.3d 231, 245 (2d Cir. 2002) (citing *Sellan v. Kuhlman*, 261 F.3d 303, 315 (2d Cir. 2001)) (internal quotation marks, alterations, and emphases omitted). The petition may be granted only if "there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents." *Harrington*, 562 U.S. at 102.

Furthermore, a federal *habeas* court "will not review questions of federal law presented in a *habeas* petition when the state court's decision rests upon a state-law ground that is

independent of the federal question and adequate to support the judgment." *Downs v. Lape*, 657 F.3d 97, 101-102 (2d Cir. 2011) (citations and internal quotation marks omitted) (italics added).

## II. Analysis

### A. The Trial Court's Refusal to Admit Expert Testimony Did Not Deprive Petitioner of a Fair Trial.

Petitioner seeks *habeas* relief on the ground that the trial court denied his right to a fair trial when the trial court excluded Petitioner's proposed expert testimony on eyewitness identification. Petition at 6.

"[F]ederal *habeas corpus* relief does not lie for errors of state law." *Wilson v. Corcoran*, 131 S.Ct. 13, 16 (2010) (internal citations and quotation marks omitted) (italics added). Instead, a federal court may only grant *habeas* relief where a state court adjudication resulted in a decision that was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or based on an "unreasonable determination of the facts." 28 U.S.C. §2254(d). "The Supreme Court has never addressed the issue of whether a defendant has a constitutional right to present expert testimony on the subject of eyewitness identification." *Hearns v. Artus*, 08-CV-192, 2010 WL 2653380, at *11 (E.D.N.Y. June 23, 2010) (Garaufis, J.). Furthermore, "[e]videntiary rulings are typically within the province of state law, and are thus only cognizable under *habeas* review if they are of constitutional magnitude." *Smith v. Graham*, 10-CV-3450, 2012 WL 2428913, at *5 (S.D.N.Y. May 7, 2012) (Katz, Mag. J.) (citing *Perez v. Phillips*, 210 F. App'x 55, 56 (2d Cir. 2006)) (internal quotation marks omitted).

To be of constitutional magnitude, an evidentiary ruling based on state law must erroneously exclude evidence that would create reasonable doubt which would not otherwise

exist. *Perez*, 210 F. App'x at 56. A federal *habeas* court must apply a two-step analysis to determine whether a state court's evidentiary ruling based on state law is an error of constitutional magnitude: first, the federal court must determine whether the ruling erroneously applies state law, and second, the federal court must determine if the excluded evidence would have created reasonable doubt. *Id.* at 57. Additionally, Petitioner must show that the error was not harmless. *Id.*

Under New York law, the decision to admit expert evidence generally lies within the trial court's discretion. *People v. Young*, 850 N.E.2d 623, 626 (2006). However, a New York trial court must admit expert evidence on eyewitness testimony where the case turns solely on the accuracy of uncorroborated eyewitness testimony. *Smith*, 2012 WL 2428913 at *5 (citing *People v. Muhammad*, 959 N.E.2d 463 (2011) and *People v. LeGrand*, 867 N.E.2d 874 (2007)).

In the instant case, as the Second Department noted, there was corroborating evidence for the eyewitness testimony. *Fernandez*, 910 N.Y.S.2d 140. "[Petitioner] was found shortly after the crime, in the vicinity of the crime, exiting the backyard of a home which he did not live in or own. He fled from the police, demonstrating consciousness of guilt, was identified independently by the complainant and an eyewitness, and made incriminatory statements." *Id.* As such, there was no erroneous application of state law. *See, e.g., Smith*, 2012 WL 2428913 at *5-6.

As to the second step of the analysis described in *Perez*, 210 F. App'x at 56, there is no reason to believe the exclusion of Petitioner's expert would have created a reasonable doubt that was not otherwise raised by Petitioner's trial counsel. According to Petitioner's counsel, the proposed expert would have testified as to the effect of stress on identification, and the "circumstances which contribute to misidentification," which are outside the expertise of the

ordinary juror. Trial Transcript I at 67-78. However, Petitioner's trial counsel was able to make that argument without the help of an expert, inducing Ms. Francis to concede that she was extremely stressed during the car-jacking. Trial Transcript III at 101-102. Furthermore, Petitioner's trial counsel argued in summation that the eyewitness testimony was extremely uncertain due to terror and stress, Ms. Francis had no real opportunity to see Petitioner during the crime, and the situation was "ripe for misidentification." Dkt. 10-4 ("Trial Transcript V") at 161-172; Trial Transcript VI at 12-13. Furthermore, Justice Buchter instructed the jury to consider factors affecting the reliability of eyewitness identification. Trial Transcript VI at 103-105. As such, it is not clear that the exclusion of an expert created a reasonable doubt where the Petitioner's counsel was able to present the relevant information without the expert's help. *See, e.g., Sorenson v. Superintendent, Fishkill Corr. Facility*, 97-CV-3498, 1998 WL 474149 at *6 (E.D.N.Y. Aug. 7, 1998) (Gershon, J.) (trial court did not abuse discretion in excluding testimony of expert on eyewitness identifications where defense had full opportunity to cross-examine the eyewitness and judge instructed jury on factors to take into account in evaluating reliability of eyewitness testimony).

Petitioner thus fails to show the exclusion of Petitioner's proposed expert was an error of constitutional magnitude. *Perez*, 210 F. App'x at 56. Accordingly, Petitioner's request for *habeas* relief based on the trial court's exclusion of Petitioner's expert is hereby DENIED.

### B. Petitioner's Claims of Prosecutorial Misconduct are Meritless or Procedurally Barred.

Petitioner further requests *habeas* relief because the prosecutor's misconduct deprived Petitioner of a fair trial. Petition at 8. This alleged misconduct consisted of (1) "persistently mischaracterize[ing] and denigrat[ing] the defense theory of mistaken identification as falsely

accusing the witness of lying," (2) asserting defense counsel made "silly" and "ridiculous" arguments, (3) suggesting Petitioner was a "girlfriend beater" and had "a penchant for violence," and (4) telling the jury the prosecution's case was a "royal flush." *Id.*

The Second Department found defense counsel had preserved his objections to the prosecutor's comments that defense counsel was accusing witnesses of lying. *Fernandez*, 910 N.Y.S.2d at 141-142. However, the Second Department deemed those comments harmless error in light of the trial court's corrective measures, which included sustaining defense counsel's objections to the comments and instructing the jury to disregard such comments "completely." *Id.* at 142 (internal quotation marks omitted). The Second Department rejected Petitioner's other claims of prosecutorial misconduct as unpreserved for appellate review. *Id.* at 141-142. While the Second Department did not specifically name the statute it relied upon in rejecting Petitioner's claims as unpreserved, New York Criminal Procedure Law § 470.05(2) sets out the requirement for contemporaneous objections to preserve questions of law for appellate review. N.Y. Crim. Proc. Law § 470.05(2). For the reasons stated below, the Court finds Petitioner's preserved claim is meritless. Furthermore, the Court may not review Petitioner's unpreserved claims.

### 1. Petitioner's Preserved Claim is Meritless.

The Second Department decided Petitioner's preserved claim of prosecutorial misconduct on the merits. *Fernandez*, 910 N.Y.S.2d at 141-142. The Court therefore reviews these claims under the deferential standard of AEDPA. The Court may only grant relief upon this claim if it violates "clearly established Federal law" as determined by the Supreme Court. 28 U.S.C. § 2254(d)(1). "The clearly established Federal law relevant here is [the Supreme Court's] decision in *Darden v. Wainwright* . . . which explained that a prosecutor's improper comments will be

held to violate the Constitution only if they so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Parker v. Matthews*, 132 S. Ct. 2148, 2153 (2012) (citing *Darden v. Wainwright*, 477 U.S. 168, 181 (1986)) (internal quotation marks omitted). The Court's task is not to grant *habeas* relief where a prosecutor's conduct may be "inappropriate, unethical, or even erroneous[,]"; rather, the Court may only grant *habeas* relief where the state courts unreasonably applied Supreme Court precedent in deciding the prosecutor's conduct did not so infect the trial with unfairness. *Jackson v. Conway*, 763 F.3d 115, 146-148 (2d Cir. 2014) (discussing the *Darden* standard).

In its leading cases concerning improper prosecutorial comments, the Supreme Court has held that a prosecutor's improper statements that (1) he personally believed in the defendant's guilt, and (2) he believed the defendant went to trial because the defendant hoped to be convicted of a charge lesser than first-degree murder, did not result in a denial of due process where the trial judge issued a corrective instruction. *Donnelly v. DeChristoforo*, 94 S.Ct. 1868, 1870-1874 (1974). Similarly, the Supreme Court has also held that a prosecutor's improper comments regarding the negligence of the prison system, the necessity of the death penalty as the only guarantee against the defendant's future crimes, calling the defendant an "animal," and saying he wished to see the defendant's face "blown away by a shotgun" did not result in a denial of due process. *Darden*, 477 U.S. at 179-183. The *Darden* Court specifically noted the prosecutor "did not manipulate or misstate the evidence, nor did it implicate other specific rights of the accused such as the right to counsel or the right to remain silent." *Id.* at 181-182.

The Second Circuit, applying Supreme Court precedent, denied a *habeas* petition because "fairminded jurists could disagree" as to whether a state appellate court correctly decided that a prosecutor's improperly vouching for witness's credibility, improperly vouching for the

defendant's guilt, and calling the defendant "twisted" and "sadistic" did not result in a denial of due process. *Jackson*, 763 F.3d at 149. The Second Circuit, like the Supreme Court in *Darden* and *DeChristoforo*, noted that the prosecutor did not misstate evidence and that the trial judge issued a corrective instruction. *Id.*

Accordingly, the Court cannot find that the Second Department violated or unreasonably applied "clearly established Federal law" as determined by the Supreme Court by ruling that the prosecutor's improper comments that defense counsel was accusing witnesses of lying. 28 U.S.C. § 2254(d)(1). The prosecutor's comments, while possibly implicating Petitioner's right to cross-examine witnesses against him, were no worse than the comments in *Jackson*, *DeChristoforo*, and *Darden*. The trial judge sustained defense counsel's objection to the comments and instructed the jury to ignore any comment to which an objection was sustained. Trial Transcript VI at 26, 93. Furthermore, the prosecutor did not misstate evidence. *See Darden*, 477 U.S. at 181-182. Fairminded jurists might apply Supreme Court precedent to find that the prosecutor's comments, while improper, did not result in a denial of due process. Therefore, Petitioner's request for *habeas* relief on this ground is hereby DENIED.

### 2. Petitioner's Unpreserved Claims are Procedurally Barred.

If a state court's disposition of federal claim "rests upon a state-law ground that is independent of the federal question and adequate to support the judgment," the Court will not review that claim. *Downs*, 657 F.3d at 101-102 (citations and internal quotation marks omitted). To be "adequate," a state law ground must be "firmly established and regularly followed by the state." *Richardson v. Greene*, 497 F.3d 212, 218 (2d Cir. 2007) (internal citations and quotation

marks omitted). A state law basis is sufficiently adequate if "the case law interpreting [the state law] . . . displays consistent application in a context similar to [the instant case.]" *Id.* at 220 (citation omitted).

The Second Department found Petitioner's objections to most of the prosecutor's comments to be unpreserved for appellate review. *Fernandez,* 910 N.Y.S.2d at 141-142. While the Second Department did not name the particular law it relied on for this disposition, New York Criminal Procedure Law § 470.05(2) sets out the requirement for contemporaneous objections to preserve questions of law for appellate review. *See* N.Y. Crim. Proc. Law § 470.05(2).

New York Criminal Procedure Law § 470.05(2) is an adequate and independent state law ground. *Jones v. Bradt,* 13-CV-6260, 2015 WL 506485, at *12 (W.D.N.Y. Feb. 6, 2015) (Telesca, J.) (finding N.Y. Crim. Proc. Law § 470.05(2) an independent and adequate state ground for the state court's rejection of appellant's claim of prosecutorial misconduct); *DeLee v. Graham,* 11-CV-653, 2013 WL 3049109, at *9 (N.D.N.Y. Jun. 17, 2013) (D'Agostino, J.) (upholding state court's rejection of appellant's claim of prosecutorial misconduct as barred under N.Y. Crim. Proc. Law § 470.05(2)); *Blount v. Napoli,* 09-CV-4526, 2012 WL 4755364, at *14-15 (E.D.N.Y. Oct. 5, 2012) (Matsumoto, J.) (state court's dismissal of appellant's claim of prosecutorial misconduct under N.Y. Crim. Proc. Law § 470.05(2)) is both "independent" of federal law and "adequate"). As such, there were independent and adequate state law grounds for the Second Department's rejection of Petitioner's claims of prosecutorial misconduct.

A federal *habeas* petitioner may seek review of his federal claims notwithstanding the existence of independent and adequate state law grounds for the state courts' decision in three circumstances. First, he may do so if he is actually innocent of the crime for which he has been

convicted. *Dunham v. Travis*, 313 F.3d 724, 730 (2d Cir. 2002). Second, he may also do so if the state law, while generally adequate, has been applied exorbitantly. *Lee v. Kemma*, 534 U.S. 362, 376 (2002). Third, if the independent and adequate state law ground is a procedural default in state court, then the petitioner may circumvent the bar to *habeas* review by showing (1) cause for his procedural default, and (2) prejudice. *Blount*, 2012 WL 4755364 at *13. Here, Petitioner does not argue he is actually innocent, nor does he allege any exorbitant application of New York Criminal Procedure Law § 470.05, nor does he claim cause or prejudice. Accordingly, the Court will not review Petitioner's claims that were disposed of in state court on independent and adequate state grounds. Therefore, Petitioner's request for *habeas* relief on the ground of prosecutorial misconduct is procedurally barred and is hereby DENIED.

### C. Petitioner's *Miranda* Claim is Meritless.

"The Fifth Amendment bars the use of statements elicited as a product of custodial interrogation." *United States v. Shteyman*, 10-CR-347, 2011 WL 2006291, at *13 (E.D.N.Y. May 23, 2011) (Johnson, J.) (citing *Miranda v. Arizona*, 384 U.S. 436, 467 (1966)). Petitioner request *habeas* relief on the ground that he was not given warnings pursuant to *Miranda* upon his arrest, and therefore his post-arrest statements should have been suppressed. Petition at 10-11. The Second Department rejected this claim on the merits, citing *People v. Schreiber*, 673 N.Y.S.2d 444 (2d Dep't 1998). *Fernandez*, 910 N.Y.S.2d at 142; *see also Schreiber*, 673 N.Y.S.2d 444 (finding defendant's statements, made in the absence of *Miranda* warnings, were "spontaneous" and "voluntary" and "not the product of police interrogation" despite detective arresting defendant, introducing himself, and advising defendant of charges against him). The Court reviews this claim under the deferential standard of AEDPA. *See* section I *supra*.

16

Police Officer Kevin Stewart conceded he did not give Petitioner a *Miranda* warning upon his arrest. Trial Transcript I at 22. Petitioner was placed in a lodging cell after his arrest; while Officer Stewart was "gathering his paperwork," Petitioner began crying and declared "This is not me" and "This is not what I do." *Id.* at 16. Officer Stewart said nothing to Petitioner prior to Petitioner's statement. *Id.* at 22. Petitioner objects to the admission of this statement at trial. Petition at 10-11.

On this record, the Court cannot find the Second Department's decision that Petitioner's statement was not the product of police interrogation to be "contrary to, or an unreasonable application of, clearly established Federal law" as determined by the Supreme Court. 28 U.S.C. § 2254(d)(1). *See, e.g., United States v. Carr*, 63 F. Supp. 3d 226, 238-239 (E.D.N.Y. 2014) (Brodie, J.) (applying *Miranda* and its progeny to find defendant's post-arrest statement of "You got me" voluntary, and not the product of interrogation, where evidence suggested defendant was asked no questions); *Shteyman*, 2011 WL 2206291 at *19-20 (applying *Miranda* and its progeny to find statements from arrested defendant voluntary, and not the product of interrogation, where officers asked defendant no questions, and there was no evidence defendant was of below-average intelligence or otherwise particularly vulnerable). Accordingly, Petitioner's request for *habeas* relief on this ground is DENIED.

### D. Petitioner's Probable Cause Claim is Meritless.

Petitioner requests *habeas* relief on the ground that there was no probable cause for his arrest. Petition at 10-11. This claim is grounded in the Fourth Amendment and is subject to the standard articulated in *Stone v. Powell*, 428 U.S. 465, 494 (1976), which states that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a [petitioner] may not be granted federal habeas corpus relief on the ground that evidence obtained

in an unconstitutional search or seizure was introduced at his trial." Here, Petitioner's claim was fully litigated on the merits, dismissed by the Second Department, and rejected for consideration by the New York Court of Appeals. *Fernandez*, 16 N.Y.3d 830; *Fernandez*, 910 N.Y.S.2d 140;.

There are two exceptions to the *Stone v. Powell* rule: (1) where the state provides no corrective process at all for Fourth Amendment violations, or (2) where the defendant was precluded from using a corrective process because there was an "unconscionable breakdown in the [State's] process." *Capellan v. Riley*, 975 F. 2d 67, 70 (2d Cir. 1992) (citing *Gates v. Henderson*, 568 F.2d 830, 840 (2d Cir. 1977)); *see also McPhail v. Warden, Attica Corr. Facility*, 707 F.2d 67, 70 (2d Cir. 1983). New York State's corrective process for evidence obtained through without probable cause, as set out in Article 710 of the New York Criminal Procedure Law, has been found facially adequate by federal courts. *See, e.g., Holmes v. Scully*, 706 F. Supp. 195, 201 (E.D.N.Y. 1989) (Glasser, J.) (noting that petitioner's only method of raising his Fourth Amendment claim before the federal court would be via the second *Stone v. Powell* exception).

Here, Petitioner experienced no "unconscionable breakdown" in state process, but simply failed to make a motion to suppress based on lack of probable cause. Petitioner moved to suppress based on lack of *Miranda* warnings and suggestive identification, but not based on lack of probable cause for Petitioner's arrest. Trial Transcript I at 43, 54-56 (wherein the suppression court acknowledged that "this is not a *Dunaway* hearing,"[2] and heard Petitioner's argument for suppression based on suggestive identification and an involuntary statement). Petitioner's failure

---

[2] A *Dunaway* hearing is used "to determine whether a statement or other intangible evidence obtained from a person arrested without probable cause should be suppressed at a subsequent trial." *Montgomery v. Wood*, 727 F. Supp. 2d 171, 185-186 (W.D.N.Y. 2010); *see Dunaway v. New York*, 442 U.S. 200 (1979); *Jones v. LaValley*, 11-CV-6178, 2014 WL 1377589, at *22 & n.45 (S.D.N.Y. Apr. 3, 2014) (Peck, Mag. J.).

to make a motion to suppress based on lack of probable cause does not constitute an unconscionable breakdown. *See, e.g., Lopez v. Lee*, 11-CV-2706, 2011 WL 6068119, at *9 (E.D.N.Y. Dec. 7, 2011) (Gleeson, J.) (finding a petitioner's failure to comply with New York's procedural requirements in requesting a suppression hearing is not an unconscionable breakdown of state process). Accordingly, *Stone* bars the Court from reviewing Petitioner's claim for *habeas* relief based on an arrest without probable cause. Petitioner's claim is hereby DENIED.

### E. Petitioner's Claim that Prosecutor Presented False and Misleading Evidence is Procedurally Barred.

Petitioner claims the prosecutor violated his right to a fair trial by presenting false and misleading evidence. Petition at 13. Petitioner did not raise this claim in his direct appeal. Appellate Briefs at 5-58; Supplemental and 440.10 Briefs at 8-30. Petitioner did raise this claim in his §440.10 motion, but did not appeal the lower court's denial of that motion. Accordingly, Petitioner did not exhaust his state remedies as required by AEDPA. 28 U.S.C. § 2254(b)(1)(A); *Ortiz v. Heath*, 10-CV-1492, 2011 WL 1331509 at *18 (E.D.N.Y. Apr. 6, 2011) (Matsumoto, J.) (New York petitioner's claim was unexhausted where he failed to failed to raise it on direct appeal). Furthermore, Petitioner now cannot exhaust his state remedies. He has used the one direct appeal he is entitled to under New York law. *See, e.g., N.Y. ex. rel. Turner ex. rel. Connors v. Dist. Attorney of N.Y. Cnty.*, 12-CV-3355, 2015 WL 4199135, at *11 (S.D.N.Y. July 10, 2015) (Swain, J.) (adopting report and recommendation by Magistrate Judge Freeman). Furthermore, the time for Petitioner to seek leave to appeal to an intermediate appellate court from the denial of his § 440.10 motion has expired. *See* N.Y. Crim. Proc. Law § 460.10(4)(a). Since Petitioner's state remedies are unexhausted and time-barred, the Court must treat them as if they were disposed of on an independent and adequate state ground. *Turner*, 2015 WL

4199135 at *11. Petitioner has not alleged cause and prejudice, exorbitant application, or actual innocence. *See* section II.B.2 *supra*. Accordingly, the Court cannot review Petitioner's unexhausted and time-barred claim that the prosecutor introduced false and misleading evidence at trial, and it is hereby DENIED.

## CONCLUSION

Petitioner's application for a writ of habeas corpus is DENIED in its entirety. A certificate of appealability shall not issue. *See* 28 U.S.C. § 2253(c). The Clerk of the Court is directed to serve notice of entry of this Order on all parties and to close the case.

**SO ORDERED.**

/S/ Judge William F. Kuntz, II

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: August __, 2015
Brooklyn, New York